T.C. Summary Opinion 2009-61

UNITED STATES TAX COURT

SHARON R. DAVIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17074-07S.              Filed April 30, 2009.

Sharon R. Davis, pro se.

<u>Stephen J. Neubeck</u> and <u>Robert D. Kaiser</u>, for respondent.

GOEKE, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,

and this opinion shall not be treated as precedent for any other case.[1]

Respondent determined a Federal income tax deficiency of $2,695 for 2004. The sole issue for decision is whether petitioner is liable for the 10-percent additional tax under section 72(t) on early distributions from an individual retirement account (IRA).

## Background

The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioner resided in Ohio at the time of filing her petition.

In July 2003 petitioner was laid off and began receiving State unemployment compensation benefits. Petitioner understood that she would forfeit her unemployment benefits if she received any distributions from her retirement plans during the period she received such benefits. Petitioner received 26 weeks of unemployment benefits. In January 2004 petitioner received $945 in unemployment benefits; thereafter her unemployment benefits terminated. During 2004 petitioner received distributions from two IRAs of $14,481 and $15,168 for a total of $29,649. Petitioner had not attained age 59-1/2 at the time of these

---

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

distributions. Petitioner used a portion of the 2004 distributions to pay health insurance premiums incurred during periods of unemployment in 2004 and 2005. Petitioner also used a portion of the 2004 distributions to pay the mortgage on her principal residence, which she had acquired in 1989.

In February 2004 petitioner closed a preexisting Roth IRA because of concerns with improper activities by the investment firm. She withdrew the entire account balance of $1,189.82, which constituted the remainder of her initial $2,000 investment. Respondent concedes that petitioner is entitled to a capital loss of $810.18 from the loss on her investment in her Roth IRA.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for 2004 and attached Form 5329, Additional Taxes on Qualified Plans (Including IRAs) and Other Tax-Favored Accounts, on which she claimed that $26,650 of the 2004 distributions was excepted from the 10-percent additional tax but did not identify a specific statutory exception that applied to the distributions. On May 7, 2007, respondent issued a notice of deficiency for 2004 determining that the entire IRA distribution of $29,649 was subject to the 10-percent additional tax. The notice of deficiency stated that respondent did not accept petitioner's Form 5329 "due to financial hardship not being a valid exception to the premature distribution tax."

## Discussion

Petitioner contends that the notice of deficiency is invalid because respondent did not accept her Form 5329. Petitioner asserts that the Form 5329 did not claim financial hardship as an exception to the 10-percent additional tax as stated in the deficiency notice. Petitioner further complains of a "disingenuous process" both before and after the notice was issued, including unreasonable requests for information.

Section 6212(a) requires the Commissioner to determine that a deficiency exists before issuing a notice of deficiency. The notice of deficiency at issue unambiguously identifies petitioner, the amount of the deficiency, the basis for the deficiency, and the year at issue and was sent to petitioner's last known address. See sec. 7522. Accordingly, the notice is valid on its face irrespective of petitioner's allegation that the notice incorrectly stated that she claimed financial hardship as an exception to the 10-percent additional tax. As a general rule, the Court will not look behind a notice of deficiency to examine the evidence used or the Commissioner's motives, policies, or procedures in determining the deficiency. Berkery v. Commissioner, 91 T.C. 179, 186-187 (1988), affd. without published opinion 872 F.2d 411 (3d Cir. 1989). We hold that the notice of deficiency is valid.

Section 72(t)(1) and (2) provides for a 10-percent additional tax on early distributions from qualified retirement plans before the attainment of age 59-1/2 unless a statutory exception applies. Petitioner argues that she satisfies the statutory exceptions for distributions made to unemployed individuals to pay health insurance premiums under section 72(t)(2)(D) and distributions for first-time home purchases under section 72(t)(2)(F). Petitioner concedes that $3,000 of the 2004 distribution did not qualify for a statutory exception to the section 72(t) 10-percent additional tax, as she reported on her 2004 return.

Distributions from an IRA taken after separation from employment and used to pay health insurance premiums are not subject to the 10-percent additional tax if: (1) The taxpayer received unemployment compensation for 12 consecutive weeks under any Federal or State unemployment compensation law by reason of such separation; (2) the distribution was made during the taxable year during which such compensation is paid or the succeeding taxable year; and (3) the distribution does not exceed the amount paid during the taxable year for health insurance. Sec. 72(t)(2)(D)(i). Petitioner has established that she received unemployment compensation for over 12 consecutive weeks in 2003, the year preceding the IRA distributions, satisfying the first two requirements.

Respondent concedes that $1,657.52 of the 2004 distributions qualifies for the health insurance premium exception. Petitioner has established that she paid an additional $109.46 to Union Fidelity Insurance Co. for health insurance while unemployed during 2004. Respondent contends that petitioner is not eligible for the health insurance premium exception for the amount paid to Union Fidelity because she paid a part of it in January 2004 before receiving the first IRA distribution in February 2004. Section 72(t)(2)(D)(i) requires the distributions "do not exceed the amount paid during the taxable year for insurance". There is no requirement that the distribution be received before payment of the health insurance premium. Accordingly, the $109.46 is not subject to the 10-percent additional tax.

Petitioner contends that a portion of the 2004 distribution should be applied to her 2003 health insurance premiums because she was prevented from taking a distribution from her IRA during 2003 on account of State unemployment compensation laws. Petitioner also contends that she used a portion of the 2004 distribution to pay health insurance premiums during 2005. As stated above, the statutory exception for health insurance premiums is limited to the amount of premiums paid during the taxable year of the distribution. Petitioner is not entitled to claim the exception for the amounts of premiums that she paid in 2003 or 2005. This is so even though petitioner may have been

prevented from taking a distribution from her IRA in 2003 because of State unemployment compensation laws.

A qualified first-time home buyer distribution is a distribution from an IRA, in an amount not to exceed $10,000, that is used within 120 days of its receipt to pay qualified acquisition costs with respect to a principal residence of a first-time home buyer.  Sec. 72(t)(2)(F), (8)(A) and (B).  A first-time home buyer is an individual who has not had a present ownership interest in a principal residence during the 2-year period ending on the date of acquisition of a principal residence.  Sec. 72(t)(8)(D)(i).  The date of acquisition is the date on which a binding contract to acquire the principal residence is entered into or when construction or reconstruction is commenced.  Sec. 72(t)(8)(D)(iii).  Qualified acquisition costs are the costs of acquiring, constructing, or reconstructing a residence and include any usual or reasonable settlement, financing, or other closing costs.  Sec. 72(t)(8)(C).

Petitioner contends that she used the statutory limit of $10,000 of the IRA distributions to pay her mortgage and those payments qualified for the first-time home buyer exception. Petitioner has owned her residence since 1989.  Petitioner had a present ownership interest in a residence during the 2-year period before she received the 2004 distributions.  Sec. 72(t)(8)(D)(i); see Cole v. Commissioner, T.C. Memo. 2006-44.

Accordingly, the 2004 distributions do not qualify for the first-time home buyer exception under section 72(t)(2)(F).

To reflect the foregoing,

Decision will be entered

under Rule 155.
